UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM BILL CARTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:11CV1163 NAB |
| FELIX VINCENZ, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the

purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, a civilly committed resident at Missouri's Sexual Offender Treatment Services ("SORTS"), brings this action under 42 U.S.C. § 1983 against Felix Vincenz, formerly the CEO of the Fulton State Hospital. Plaintiff alleges that he was a committed patient in Fulton State Hospital and that while he was a patient there, he was allowed to work to earn a wage. Plaintiff says that he filed a petition for release, which caused defendant to retaliate against him by having him transferred to SORTS, where he has not been able to work. Plaintiff believes this violates his constitutional rights, and he seeks monetary relief in compensation for the purported unlawful conduct.

## Discussion

The Court first notes that this action is duplicative of an earlier action filed by plaintiff, which was dismissed pursuant to plaintiff's failure to bring the action within the statute of limitations. See Carter v. Vincenz, 4:11CV769 NAB (E.D. Mo.). In an apparent attempt to bypass his statute of limitations problem, in the instant complaint plaintiff has not included the date upon which his allegations arose. The Court, however, takes judicial notice that in his prior pleading, plaintiff alleged that he was transferred to SORTS in August of 2002. Thus, his § 1983 claim is no doubt barred by the five-year statute of limitations. See Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo.Rev.Stat. § 516.120(4).

Regardless, these allegations cannot form the basis for section 1983 relief. Plaintiff does not have a constitutional right to a particular job or classification during his civil

commitment. See e.g., Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir.2002) (per curiam) (prisoners do not have a constitutional right to a particular prison job); Hartsfield v. Dep't of Corr., 107 Fed.Appx. 695, 696 (8th Cir.2003) (unpublished per curiam) (no liberty interests in particular classification). Similarly, plaintiff has no right under the due process clause to be housed in a certain treatment facility, a particular housing unit, or with certain other detainees. See Allen v. Purkett, 5 F.3d 1151 (8th Cir. 1993).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of July, 2011.

　　　　　　　　　　　　　　　　　/s/ Audrey G. Fleissig
　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE